GOLDENBERG et al. v. SPARAGO.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

BROKERS (§ 86*)—ACTION FOR COMMISSIONS—SUFFICIENCY OF EVIDENCE.

    In an action by land brokers for a commission on the sale of a farm to defendant, evidence *held* insufficient to show that plaintiffs acted as defendant's agent, and that the latter agreed to pay the commission.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 118; Dec. Dig. § 86.*]

Appeal from Municipal Court of New York.

Action by William Goldenberg and another against Max Sparago. From the judgment, and from an order denying a motion to set aside the verdict, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Isidore Solomon, for appellant.
Jerome H. Buck, for respondents.

MILLER, J. The action is for brokers' commissions. The appellant contends that the verdict is contrary to the evidence. It appeared that the plaintiffs were engaged in the business of negotiating sales of farm property, and that at the time of the transaction in suit they had on their books for sale a large number of farms, located in different states near New York City. It also plainly appears that they had agents in different localities. The defendant wished to purchase a farm, and either he applied to one of the plaintiffs, Goldenberg, or

the latter, learning of the fact, undertook, of his own initiative, to secure the defendant as a purchaser. The point is in dispute. At any rate, it appears that the defendant did look at a number of farms, of which the plaintiffs informed him, without making a purchase. It also appears that the plaintiff Goldenberg introduced to the defendant one Goodman. The former claims that he introduced Goodman merely as a possible seller. The defendant claims that Goodman was introduced to him by the plaintiff Goldenberg as the latter's agent or partner, and in that dispute is involved the principal question of fact in the case.

It appears that Goodman did show the defendant a farm, and introduced him to the owner, with the result that a bargain was made. When the executory contract was made, the seller paid Goodman one-half of the commission on the sale; and, when the title was closed, he paid him the other half. The plaintiffs had nothing to do with the transaction until the closing of title. They had meanwhile been informed by the defendant of the contract, and of the day for closing title. On that day the plaintiff Goldenberg went with the defendant to the place of closing—as the former claims, because he was the agent in the transaction; as the latter claims, because he was afraid that his agent, Goodman, would rob him of his half of the commission; the arrangement between him and Goodman being that they were to divide. At any rate, when the deed was delivered, the defendant paid the seller the balance of the purchase price unpaid, and the latter gave Goodman a check for the unpaid commission. Goodman went to the bank to cash the check, and failed to return. The defendant is corroborated by Mr. Rhodes, the seller, and by two friends, who testified to admissions made by Goldenberg, and all of the surrounding circumstances tend to show that Goodman was the agent or partner of the plaintiffs, that they expected no commission from the defendant, but only one-half of the commission which Goodman should receive from the seller, and that, having been cheated by Goodman, they now seek to recover the full commission from the defendant. Referring to the introduction of Goodman by him to the defendant, Goldenberg testified:

"I took Mr. Sparago away one side, and I told him: 'I have got no confidence in that farmer. If you don't buy that farm, I guess that farmer will take you to a neighbor, and I have some more farms down there.' And I mentioned Mr. Rhodes' farm. I got a farm of Mr. Rhodes from a private agent. Q. You told him about Mr. Rhodes' farm? A. Yes, sir. He told me: 'Mr. Goldenberg, you know I am good enough for the commission. Whatever will be the amount, I will pay the commission. If I won't buy his farm, and buy another farm, you will get the commission.' I said: 'All right, you are good enough for the commission for me.' He went off."

The foresight thus indicated is quite remarkable. Upon the rendition of the verdict, the justice stated:

"I never did set aside a verdict of a jury. If I ever did set aside a verdict, I should set aside this."

We think the justice did not appreciate the important duty imposed upon him.

The judgment and order should be reversed, and a new trial ordered; costs to abide the event. All concur.